STATE EX REL. WILLIAMS COAL COMPANY *v.* DUNCAN, JUDGE.

[No. 26,797. Filed February 10, 1937.]

*Welborn & Miller* and *Isidore Kahn,* for appellant.

*McDonald & McDonald* and *Sanford K. Trippett,* for appellee.

FANSLER, J.—This is an original action seeking a writ mandating the respondent to grant a change of venue. Upon the filing of the petition, an alternative writ issued.

The motion for a change of venue is in proper form and was timely made. It appears that the Indiana Tie Company began an action in the Gibson Circuit Court against the Pike County Collieries Company, which was numbered 5542, in which a money judgment and a receiver for the defendant were sought. Receivers were appointed, and the assets of the defendant were sold in 1928. The Williams Coal Company, having been made a party, in May, 1930, the defendant, Pike County Collieries Company, and E. J. Mueller, as trustee, who had also become a party, filed identical affidavits for a change of venue from the county, which were, on the 24th day of May, 1930, overruled. Thereafter, in June, 1930, a petition was filed in cause No. 5542, by Louis Clements, as trustee in bankruptcy of the defendant, Pike County Collieries Company, for an order of the Gibson Circuit Court, authorizing and directing the trustee to file in any court having jurisdiction of the parties, a proper suit or proceeding against the Williams Coal Company, Fred I. Conyers, Robert R. Williams, and William W. Gray, to recover damages for fraud alleged to have been perpetrated by them against the Pike County Collieries Company on account of the refusal of Fred I. Conyers, as receiver of the Pike County

Collieries Company, to institute and prosecute a certain Robert R. Williams, and William W. Gray filed a response to the petition of the trustee, requesting the court action. The Williams Coal Company, Fred I. Conyers, to permit the filing of the action, but to find and order that the Gibson Circuit Court, and no other, had jurisdiction of the cause, and requiring that the action be commenced in the then pending cause No. 5542. On the 9th day of September, 1930, an order was entered permitting the action to be filed as prayed, and ordering that it be filed in the Gibson Circuit Court, and not otherwise. Thereafter, Louis Clements, as trustee in bankruptcy of the Pike County Collieries Company, pursuant to said order, filed in cause No. 5542 a complaint entitled Louis Clements, as Trustee in Bankruptcy of Pike County Collieries Company v. Williams Coal Company, Robert R. Williams, William W. Gray, and Fred I Conyers. On the 8th day of November, 1934, a report in final settlement of the trust having been filed by Fred I. Conyers, as receiver of the Pike County Collieries Company, which was approved, it was found that the trust was finally administered, and the receiver was discharged. It was ordered that the Pike County Collieries Company be substituted for Louis Clements, trustee, as plaintiff in the action for fraud, which had been begun by the trustee; that the cause be docketed separately upon the docket as cause No. 1036 in the Gibson Circuit Court, which was accordingly done. Thereafter, on the 10th day of September, 1935, the defendant, Williams Coal Company, filed in cause No. 1036 its affidavit for a change of venue from Gibson County, which was in proper form and sufficient under the statute. The plaintiff, Pike County Collieries Company, filed written objections to the granting of the change of venue from the county, upon the theory that, having sought and procured an order that the action be brought originally

in the Gibson Circuit Court, the Williams Coal Company had waived, or was estopped from asserting, its right to a change from the county. The Hon. A. Dale Eby, who was then the regular judge of the Gibson Circuit Court, overruled the motion for a change of venue. Afterwards, upon change of judge, the respondent became the presiding judge in the case. The present motion for change of venue from the county by the Williams Coal Company was filed before the respondent. The motion was overruled, and the change of venue denied, partly, it is said in the response, because it involved a review by respondent of the action of the regular judge in denying the former motion for change from the county; and, partly, upon the ground that the Williams Coal Company was estopped from asking for a change of venue.

It is asserted that, since the relator insisted that the action be brought in the Gibson Circuit Court, and in no other jurisdiction, it cannot now consistently urge that it has a right to a change of venue from Gibson County. But this does not necessarily follow. It may be that an action must originate in a given circuit, which will have jurisdiction of the person of the defendant, but, if an issue of fact is involved, there is still a right to a change of venue from the county under the statute. The reason for the ruling that the action was required to be brought in the Gibson Circuit Court in the first instance does not appear. If it was for the reason that the proceeding was in cause No. 5542, the cause in which the receivership was pending (and that would not affect the situation unless it sought to take the receivership itself from the county), the objection is obviated, since the receivership proceeding is ended and the cause is redocketed as an independent action. Further, the original plaintiff was the trustee in bankruptcy. A new plaintiff has been substituted.

The ruling upon the present motion for a change does

not involve a review of the action of Judge Eby. It often happens that the judge who originally has jurisdiction is required to rule upon a question of law, presented by demurrer or other pleading, and that thereafter, upon a change of judge, the same questions are presented during the trial. The ruling of the original judge does not become the law of the case so as to bind the judge who later has jurisdiction, nor, in passing upon the question when again presented, does he review the ruling of the former judge. His authority and his duty require that he exercise his judicial discretion as though the matter were presented for the first time. There was no appeal from the ruling of Judge Eby on the motion for change of venue from the county, and no effort by original action in this court to enforce the right to a change. In so far as the facts are disclosed by the record, the relator was not estopped from asking for a change of venue from the county, and if the ruling on the original motion denying the change was erroneous, and objection and exception reserved to the ruling, it would require a reversal of a judgment against relator upon appeal to this court after a trial upon the merits, even though no error were committed on the trial. The right to a change of venue was not waived by a failure to apply to this court for a writ of mandate. The statute vesting jurisdiction in this court to compel granting of changes of venue was designed to avoid the necessity of awaiting final judgment before correcting error in denying a change. No reason is seen why the original error should require the present judge to deny a change, with the result that a final judgment against the relator must be reversed, the very thing which the statute was designed to avoid.

The alternative writ is made absolute.