STATE OF INDIANA ON THE RELATION OF HOSEA *v.* BARGER, JUDGE OF SHELBY CIRCUIT COURT

[No. 28,996.   Filed January 23, 1953.]

*Harold E. Hutson* and *Malcolm B. Routt,* both of Indianapolis, for relator.

*Harold G. Barger, Pro se.*

JASPER, J.—On November 10, 1952, the relator filed in the Shelby Circuit Court his inventory and final report as co-administrator of the estate of Mack F. Hosea, deceased, which estate was then pending in that court.

On November 17, 1952, The Farmers National Bank of Shelbyville, Indiana, d/b/n/c/t/a of the estate of Mack F. Hosea, deceased, filed its exceptions to the inventory and final report filed by the relator, and the issues so raised were on the same day set for hearing on the 10th day of December, 1952. On November 20, 1952, Max Conover filed exceptions to the final report, which matter was on the same day set for hearing on the 10th day of December, 1952; and on November 26, 1952, Lucille Kaufman and William C. Hosea filed their exceptions to the final report, which matter was on the same day also set for hearing on the 10th day of December, 1952.

On December 6, 1952, the relator filed affidavits for a change of judge for the hearing of each of the above-mentioned exceptions. The change of judge was denied.

On December 9, 1952, we issued an alternative writ of mandate directing the respondent to grant said change of judge, or show cause why such should not be done. The respondent filed his response in due course.

The affidavits for change of judge are in the usual form, and allege an existing bias and prejudice of the

judge against the affiant and his cause of action. They contain no allegations sufficient, or even intended, to avoid the time limits prescribed by the rule because of the late discovery of reasons for the change.

It will be observed that in each instance the date set for the hearing of the exceptions was a date more than ten days in the future. The last of them was, on November 26, 1952, set to be heard fourteen days later, on December 10, 1952.

Rule 1-12 of this court provides, in part, as follows:

"An application for change of judge as now provided by law, shall be filed at least ten days before the date set for trial, or if a date less than ten days in the future is set for the trial, the application shall be filed within two days after the setting of the case for trial."

Under this rule, these affidavits, which were filed on December 6, 1952, were filed too late.

Our attention is called to the fact that Rule 1-12 concludes with the following:

"Nothing herein shall be construed as limiting or changing the right to a change from a judge as it now exists, but this rule shall apply only to the manner of selecting a special judge."

It is asserted that, in the light of this language, the time limits contained in Rule 1-12 are not mandatory, but are directory only, and the rule must be construed as merely furnishing the trial courts with a standard by which they can formulate and construe their local rules on the subject. We must reject this contention. The rule seems to us to be clear and unambiguous. The *right* to a change of venue as it existed at the time of the adoption of the rule continues as before. The manner of selection, the procedural steps, are governed by the rule.

The assertion is made in the relator's brief that the respondent denied the change of judge in reliance upon a local rule of the Shelby Circuit Court, under  which local rule the change of judge could not properly be denied. The trial court assigned no reason for the ruling, and we have no means of knowing whether this assertion is accurate. Rule 1-12 supersedes local rules on the subject, *State ex rel. Chambers* v. *Heil* (1951), 229 Ind. 176, 96 N. E. 2d 225, and, under Rule 1-12, the change of judge was properly denied. When a change of judge is properly denied, it will be affirmed regardless of the reasons assigned for the ruling. *State ex rel. Young* v. *Niblack* (1951), 229 Ind. 509, 99 N. E. 2d 252.

The alternative writ of mandate heretofore issued is dissolved and an absolute writ denied.

Emmert, C. J., not participating.

NOTE.—Reported in 110 N. E. 2d 1.