BUCCI, MAGNASCO AND VICCARONE *v.* STATE OF INDIANA.

[No. 30,962. Filed May 27, 1968. Rehearing denied July 11, 1968.]

*William C. Erbecker, Sam Blum* and *Irving L. Fink,* of Indianapolis, *Bernard L. Berkman* and *Berkman, Gordon and Kancelbaum,* of counsel, of Cleveland, Ohio, for appellants.

*John J. Dillon,* Attorney General, and *Michael V. Gooch,* Deputy Attorney General, for appellee.

LEWIS, C. J.—The appellants were convicted of the crimes of conspiracy to commit a felony, to-wit: Robbery and Armed Robbery.

The appellants claim that the Trial Judge was without jurisdiction to try this cause of action. The sequence of events leading up to the claimed error is substantially as follows: A motion for change of venue from the judge was filed and was granted by the Trial Court; the Trial Court submitted a panel; counsel for appellant Bucci struck one of the panel members six (6) days after defense counsel had acknowledged the submission of the judicial panel. Thereafter, the prosecuting attorney moved the Court to re-assume jurisdiction in the case, contending that under Rule 1-12 of this Court the defendants had failed to strike within time and, therefore, had waived their right to change of venue. The pertinent parts of Rule 1-12 (Supreme Court Rules, 1964) are as follows:

> "Hereafter whenever in any proceeding, whether civil, statutory or criminal, in any court except the courts of justice

of the peace and magistrates, it shall become necessary to select a special judge, the exclusive manner of his selection shall be as follows:

". . .

". . .

"(3) If neither method provided for by paragraphs (1) or (2) for the selection of a special judge be adopted, then the presiding judge, . . . shall submit a list of three (3) persons from which, by striking, an appointee may be selected. In an adversary proceeding each party may strike one (1) name. . . . The moving party shall strike first. . . .

". . .

". . .

"(6)   All of the proceedings hereunder shall be taken expeditiously. . . .

"(7)   When it becomes necessary to nominate a list under paragraph (3), it shall be the duty of the judge, within three (3) days after his attention has been called to that fact as above provided, to make such nomination and submit the same to the parties in the action, *from which the parties within two (2) days thereafter may strike as herein provided. . . .*" (emphasis ours).

The Trial Court re-assumed jurisdiction and the trial proceeded with the appellants standing mute.

It has been held in Indiana that the time limits contained in Rule 1-12, *supra,* are mandatory and not merely directive. *State ex rel. Hosea* v. *Barger* (1953), 231 Ind. 577, ██ 110 N. E. 2d 1. In that regard, this Court in the case of *Trigg* v. *Criminal Court of Marion County, etc., et al.* (1955), 234 Ind. 609, 130 N. E. 2d 461, 463, stated:

". . . The rule is now settled that where a motion for a change of venue from the judge has been filed and sustained and prospective judges have been nominated as provided by Rule 1-12, but the moving party thereafter fails to strike within the time allowed, the court may order the Clerk to strike in his stead, . . . or *he may in his discretion re-assume jurisdiction of the case.* . . . When a party fails to follow the requirements of the rule, he loses the benefits thereof. . . ." (emphasis ours).

This Court has also made the following statements, further clarifying Rule 1-12 and deviations therefrom:

"On motion for change of judge the moving party is called upon to strike only once. If a party is sincere in his desire for the appointment of another and unbiased judge, we know of no good reason why he should not personally perform his duty of striking and why he should not do so 'expeditiously' as required by Rule 1-12 or be considered to have waived his right to such change. Furthermore, in event of the waiver of the right to a change of venue by a moving party *every reason supports the fact that the regular judge should re-assume jurisdiction of the matter pending in his court. . . ."* State ex rel. City of Indianapolis v. Superior Court of Marion County (1955), 235 Ind. 151, 128 N. E. 2d 874, 878. (Emphasis Ours) See also: State ex rel. Goins and Logston v. Sommer, J., etc. (1959), 239 Ind. 296, 156 N. E. 2d 885.

Appellants' brief attempts to argue other questions concerning the failure of the Trial Court to give certain instructions; but the appellants did not request instructions, they did not object to instructions, and they did not present any of these questions in the motion for new trial.

We call attention again to Rule 2-6 of this Court which reads, in part, as follows:

"In all cases in which a motion for a new trial is the appropriate procedure preliminary to an appeal, such motion shall be filed and shall separately specify as grounds therefor each error relied upon *however and whenever arising up to the time of filing of such motion,* and an assignment of error on appeal to the effect that the trial court erred in overruling said motion *shall be the only means of raising said asserted errors on appeal. . . ."* (Emphasis Ours) Supreme Court Rules, 1964.

The only question presented under Rule 2-6, *supra,* is the question on the claimed error concerning the motion for change of venue. The Trial Court did not commit error in this regard.

After this case was at issue in this Court, one of the counsel

in the Trial Court and on this appeal, withdrew his appearance for the appellant James John Katz, whose true and correct name is Richard Viccarone. An appearance for said appellant was entered for a Cleveland law firm. Appearance for said appellant was also entered by Indiana counsel.

On May 15, 1967, on application of appellant Viccarone's new counsel, the transcript in this case was withdrawn for study. The transcript was returned to this Court on June 22, 1967. Thereafter, on the 8th day of February, 1968, an application was filed for leave to file an amended brief on behalf of appellant Richard Viccarone. On said February 8, 1967, new counsel tendered for filing, "Appellant's Supplemental Brief Amending Original Brief"; the application to amend the brief and the tender of the brief being some nine (9) months after the order of this Court permitting the withdrawal of the transcript for further study.

On May 21, 1968, we denied leave to file the amended brief. The Constitutional questions attempted to be raised in the amended brief are not covered in the motion for new trial and do not conform with Rule 2-6, *supra,* of this Court. Appellant's new counsel did not attempt at any time to file a belated motion for new trial in order to attempt to raise the Constitutional questions set out in the tendered amended brief.

The appellants herein have not raised any Constitutional questions under Rule 2-6 of this Court and questions have not been raised under Rules 2-40 and 2-40A. This Court has held in *Green* v. *State* (1960), 241 Ind. 96, 168 N. E. 2d 345, that Constitutional questions are waived when they are not properly raised in a motion for new trial.

The appellants have failed to demonstrate error, and this judgment is affirmed.

Arterburn, Hunter and Jackson, JJ., concur; Mote, J., not participating.

NOTE.—Reported in 237 N. E. 2d 87.