FIORE CARL BUCCI AND RICHARD P. VICCARONE *v.*
STATE OF INDIANA.

[No. 774S139. Filed August 15, 1975. Rehearing denied October 9, 1975.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Carr L. Darden, Sr.,* Deputy Public Defender, for appellants.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Public Defender, for appellee.

ARTERBURN, J.—On December 8, 1965, a jury found the Defendants guilty of Conspiracy to Commit a Felony and guilty of Committing A Felony While Armed; this Court decided their appeal adversely to their interests. *Bucci* v. *State,* (1968) 250 Ind. 671, 237 N.E.2d 87. In 1973, Defendants filed Petitions for Post-Conviction Relief. After a hearing, these petitions were denied, and Defendants now appeal therefrom.

The sole issue presented for our consideration is the question of ineffective assistance of trial counsel. The alleged factual basis for this claim is that Defendants' trial attorneys pursued a defense tactic based on an erroneous understanding of the law. Defendants' trial attorneys filed a Motion for Change of Venue and then failed to strike timely from the panel appointed by the trial judge. Thereupon, the trial judge resumed jurisdiction and the case came to trial. At trial, Defendants stood mute and presented no evidence. This tactic was adopted, according to the Defendants' testimony at the post-conviction hearing, because their attorneys believed the trial judge lacked the power and authority to resume jurisdiction. The trial attorneys did not testify at the post-conviction hearing. On direct appeal, this Court held that the law was clear—the trial judge automatically resumed jurisdiction upon the failure of a party to strike from the panel within the time period described by then Supreme Court Rule 1-12. *Bucci, supra.*

The Public Defender, who is representing Defendants in this proceeding, appears to realize that this situation does not approach the threshold of ineffective representation as established by our case law. It has not even been established that the trial attorneys were acting under an incorrect understanding of the law. They may have allowed the trial judge to resume jurisdiction as a tactical move and used the lack of jurisdiction argument on appeal as a last gasp. Even if we assume ignorance of the law, isolated errors of law, like poor strategy or bad tactics, do not *per se* constitute ineffective representation. *Blackburn* v. *State,* (1973) 260 Ind. 5, 291 N.E.2d 686, and cases cited therein. The totality of the representation must have caused a situation which can fairly be described as a "mockery of justice" which is "shocking to the conscience" of the reviewing court. *Payne* v. *State,* (1973) 261 Ind. 221, 301 N.E.2d 514; *Thomas* v. *State,* (1969) 251 Ind. 546, 242 N.E.2d 919. *Blackburn, supra.*

In view of the factual deficiencies in Defendants' argument, the Public Defender urges that we abandon the "mockery of justice" and "shocking to the conscience" standard for ineffective representation issues and adopt a standard favored by numerous federal courts. That standard is concisely set out in *Beasley* v. *United States,* (1974) 491 F. 2d 687 at 696, wherein effective assistance of counsel is defined as assistance "reasonably likely to render and rendering reasonably effective assistance." It is argued that such a standard is "objective" whereas the "mockery" standard is "subjective." The search for objectivity should not obscure common-sense analysis. Indeed, if objectivity is thought to be that which excludes relativity, we can not see that the federal standard is objective. From the point of view of a sensible defendant, any and all assistance of counsel which results in a verdict and sentence more severe than he wishes is *ineffective* assistance. We adhere to the standard consistently followed by our courts for many years.

At the post-conviction hearing it was revealed that Defendants at trial were represented by Mr. Sam Blum and Mr. William Erbecker, both experienced defense attorneys. Pre-trial tactics by these attorneys resulted in dropping of two (2) of an original four (4) charges against the Defendants.

The Prosecutor believed that this case was "the most thoroughly defended case" he had seen during his eight (8) years in office. He felt the State's case was unusually strong. He thought Defendants' attorneys requested a change of venue merely for the purpose of creating error in the record.

At trial the defendants stood mute. There are many trials at which a defendant does not take the stand and in substance stands mute on advice of counsel. We can not say that this is necessarily bad strategy. In this case Defendants have not attempted to establish how this tactic harmed them. It has not been alleged or demonstrated that some other reasonably foreseeable defense tactic would have better protected these defendants. Defendants have not met their burden of proof. Ind. R. P.C. 1(5). They have failed to establish that they were denied "effective assistance of counsel" within the constitutional meaning of that phrase.

The judgment of the trial court is affirmed.

Givan, C.J., Hunter, Prentice, JJ., concur; DeBruler, J., dissents with opinion.

## DISSENTING OPINION

DeBruler, J.—In prosecuting this post-conviction petition, appellants introduced the record of their original trial. It establishes that defense counsel for appellants did not conduct voir dire examination of prospective jurors, made no statements to the jury, made no objections to the introduction of exhibits offered by the State, cross-examined no witnesses, tendered no instructions, and offered no objections to any instructions. No defense witnesses were presented. In sum,

counsel chose not to function in defense at the trial. Counsel believed that they would forfeit the right to raise on appeal any error of the trial court in reassuming jurisdiction in the case after having granted their motion for change of venue, in the event they participated to any degree in the trial of the case.

It is the law in Indiana that an erroneous denial of a motion for change of venue is appealable, and full participation in the trial is not a waiver of the right to raise such error after trial on appeal of an adverse judgment. *Millican* v. *State,* (1973) 157 Ind. App. 363, 300 N.E.2d 359; *Hanrahan* v. *State,* (1968) 251 Ind. 325, 241 N.E.2d 143; *State* v. *Laxton et al.,* (1961) 242 Ind. 331, 178 N.E.2d 901; *Beck* v. *State,* (1961) 241 Ind. 231, 171 N.E.2d 696; *State ex rel. Williams Coal Co.* v. *Duncan, Judge,* (1936) 211 Ind. 203, 6 N.E.2d 342; *Barber* v. *State,* (1925) 197 Ind. 88, 149 N.E. 896; *Woodsmall* v. *State,* (1913) 181 Ind. 613, 105 N.E. 155. In case after case, in an unbroken chain, this Court on appeal has considered the correctness of trial court rulings upon pre-trial motions for change of venue. Among these cases, this Court has reversed judgments taken after extended trial, because it has determined that the trial court committed error in denying a motion for change of venue. The act of reassuming jurisdiction after granting a change of venue and the act of denying a motion for change of venue partake of the same qualities and are logically to be reviewed on the same basis by this Court on appeal. It is, of course, true that this Court does take jurisdiction of original actions in which it is claimed that a motion for change of venue from the judge has been erroneously denied or that a judge has assumed judicial authority which he does not have. However, this remedy by way of mandate and prohibition in this Court is not exclusive and has never been so held.

I can therefore only conclude that the dilemma upon which trial counsel considered themselves impaled in this case was a mere phantom. Their mistake, while only one, and possibly

one which arose from a confusion caused by the existence of two judicial procedures for obtaining review of the same type of error, nevertheless, when properly viewed, not from the standpoint of courts who disdain being tricked or misled, or of counsel who may take offense at being labelled ineffective in the case, but from that of the person accused of crime, needing and choosing to claim that right to effective representation guaranteed by the Constitutions, served to leave appellants without counsel. I would therefore reverse the decision of the trial court.

NOTE.—Reported at 332 N.E.2d 94.