Joseph **SERLETIC, Sr., Pearl Serletic, Husband and Wife; Joseph Serletic, Jr., d/b/a Sir Lancelot Investments, Appellants–Plaintiffs,**

v.

**Harlen M. NOEL and Nona Lovella Noel, Individually and d/b/a Noel & Noel, Attorneys at Law, Appellees–Defendants.**

No. 46A04–9705–CV–195.

Court of Appeals of Indiana.

Oct. 23, 1998.

---

James L. Sullivan, Lyons Sullivan &
Brooks, Valparaiso, for Appellants–Plaintiffs.

## OPINION

SHARPNACK, Chief Judge.

Joseph and Pearl Serletic and Joseph Serletic, Jr. ("the Serletics") appeal a judgment in their favor against Harlen and Nona Noel ("the Noels"). The Serletics raises three issues, which we consolidate and restate as:

1) whether the trial court erroneously concluded that the Serletics were not entitled to damages for loss of net profits where an apartment building they owned and operated was negligently destroyed; and

2) whether the trial court erroneously excluded equity, equity appreciation, and tax deductions from the calculation of damages.

We reverse and remand.

The facts most favorable to the judgment follow. Gary Serletic, Joseph Serletic, Pearl Serletic, and Joseph Serletic, Jr. formed a limited partnership, Sir Lancelot Investments. The sole asset of the partnership was a seven unit apartment building. Following sewer work conducted by the city on adjacent real estate, the partnership property became unstable. The city then condemned the property as unsuitable for human habitation and tore down the apartment building.

Gary Serletic hired Harlen Noel to represent the partnership in a suit against the city, and others, for the negligent destruction of the building. As a result of this representation, the Serletics filed a malpractice action against the Noels. At a trial management

conference, an issue arose as to whether the Serletics could recover for lost profits. After both sides submitted briefs on this issue, the trial court ordered that

> "the applicable measure of damages in this cause is the difference in fair market value of the property before and ·after the destruction of the real estate along with the net loss profits that plaintiffs have· suffered due to the destruction of the property."

Record, p. 63. The action was then tried to the trial court, but to a different judge. The trial court found for the Serletics and awarded them damages in the amount of $2000.00. The Serletics now challenge this amount on appeal.

■ Before we reach the merits of this appeal, we must note that the Noels failed to file a timely appellee's brief. When the appellee fails to timely file a brief, the appellant need only establish *prima facie* error to obtain reversal. *Valley Fed. Sav. Bank v. Anderson*, 612 N.E.2d 1099, 1101 (Ind.Ct. App.1993); Ind. Appellate Rule 8.1(C). *Prima facie* in this context, is defined as "at first sight, at first appearance, or on the face of it." *Id.*

### I.

The Serletics assert that the trial court erred in failing to include in the damage award net lost profits resulting from the negligent destruction of their apartment building. They raise two distinct bases for their argument. First, they contend that the judge who initially handled the case had already ruled that the measure of· damages would include net lost profits and that a subsequent judge was required to abide by this ruling in calculating the damage award. Notwithstanding the effect of this earlier ruling, the Serletics also maintain that the second judge erroneously concluded that they were not legally entitled to lost profits. We will address each of these contentions in turn.

### A.

The Serletics first assert that the law of the case doctrine required the trial judge entering the award of damages to follow a previous judge's ruling concerning the mea-surement of damages. However, their understanding of the law of the case doctrine is incorrect. ·

■ Generally, until a judgment is entered, a trial court can amend, modify or change an earlier decision. *Wisconics Engineering, Inc. v. Fisher*, 466 N.E.2d 745, 752 (Ind.Ct.App.1984), *reh'g denied, trans. denied.* Our supreme court has held:

> "It often happens that the· judge who originally ·has jurisdiction; is required to rule upon a question of law, presented by demurrer or other pleading, and that thereafter, upon a change of judge, the same questions are· presented during the trial. The ruling of the original judge does not become the law of the case so as to bind the judge who later has jurisdiction, nor in passing upon the question when again presented, does he review the ruling of the former judge. His authority and his duty require that he exercise his judicial discretion as though the matter were presented for the first time."

*State ex rel. Williams Coal Co. v. Duncan*, 211 Ind. 203, 207, 6 N.E.2d 342, 343–344 (1937). Under the law of the case doctrine, a trial court is not bound by its own earlier rulings unless they have been adopted by an appellate court's decision. *Howard D. Johnson Co. v. Parkside Development Corp.*, 169 Ind.App. 379, 383, 348 N.E.2d 656, 659–660 (1976) (holding that "[a] judgment on appeal constitutes 'the law of the case' as to particular issues decided and is applicable throughout subsequent stages of the case."); *see also Amcast Indus. Corp. v. Detrex Corp.*, 45 F.3d 155, 160 (7th Cir.1995) (holding that an exhaustion of appellate remedies is required to make a trial court's ruling the law of the case), *cert. denied*, 515 U.S. 1103, 115 S.Ct. 2248, 132 L.Ed.2d 256.

■ Here, the first judge's order specified that the measure of damages in the case would include lost profits. However, this ruling was not a final appealable order. As such, the second judge was not bound by the ruling and was free to decide the issue of damages as if before the trial court for the first time. *See Williams*, 211 Ind. at 207, 6 N.E.2d at 343–344. Therefore, we conclude

that it was not erroneous for the second judge to disregard the first judge's ruling. As a result, we are left to determine whether the second judge's independent ruling on the measure of damages was erroneous.

## B.

■ Here the trial court made special findings of fact and conclusions of law. Generally our standard of review is to determine whether the evidence supports the findings and whether the findings support the judgment. *Merrill v. Merrill,* 587 N.E.2d 188, 189 (Ind.Ct.App.1992). However, because we are faced only with a question of law, our review will be de novo. *Mikel v. American Ambassador Casualty Co.,* 644 N.E.2d 168, 170 (Ind.Ct.App.1994), *trans. denied.*

On the issue of what damages are recoverable by the Serletics, the trial court stated the following in its findings of fact and conclusions thereon:

"As to the claim that Noel should have pursued a claim for lost profits, the Court finds that the Plaintiffs were not entitled under the law to lost profits and were limited in their recovery to the value of the improvements at the time of their destruction."

Record, p. 130. The Serletics assert that Indiana law provides for recovery of lost net profits where there has been a total destruction of real property which contained an operating business. We agree.

■ Contrary to the trial court's conclusion, Indiana law clearly allows recovery for lost profits in a tort action. *Bamberger & Feibleman v. Indianapolis Power & Light Co.,* 665 N.E.2d 933, 938 (Ind.Ct.App.1996); *Babson Bros. Co. v. Tipstar Corp.,* 446 N.E.2d 11, 15 (Ind.Ct.App.1983); *Indiana Bell Tel. Co., Inc. v. O'Bryan,* 408 N.E.2d 178, 184 (Ind.Ct.App.1980). Furthermore, "[w]hen an established business is injured, interrupted, or destroyed, the measure of damages is the diminution in value of the business, with interest, by reason of the wrongful act. The diminution may be measured by loss of profit." *Knauf Fiber Glass, GmbH v. Stein,* 615 N.E.2d 115, 128 (Ind.Ct. App.1993), *aff'd in part, vacated in part on other grounds; see also Maddox v. Yocum,*

114 Ind.App. 390, 52 N.E.2d 636 (1944). The amount of loss must be ascertained with a relative degree of certainty and based upon proper evidence. *Lloyds of London v. Lock,* 454 N.E.2d 81, 83–84 (Ind.Ct.App.1983). However, even a proper award of lost profits must be confined to a loss of net profits. *Ashland Pipeline Co. v. Indiana Bell Telephone Co., Inc.,* 505 N.E.2d 483, 490 (Ind.Ct. App.1987).

While we conclude that Indiana law allows for recovery of lost profits for wrongful interference with a business, we must also address the difficulty that arises in ascertaining the amount of lost profits when a business is totally destroyed. When the negligent interference of a business has a distinct beginning and end, lost profits can be calculated for the number of days that profits were affected. However, where the business is completely destroyed, it is more difficult to determine the appropriate amount of lost profits that should be awarded.

This distinction has been recognized in the context of loss of use of personal property. In *New York Cent. R. Co. v. Churchill,* we extended the rule that one may recover damages for the loss of use of a commercial vehicle while being repaired to also allow recovery when the vehicle has been totally destroyed. *New York Cent. R. Co. v. Churchill,* 140 Ind.App. 426, 434, 218 N.E.2d 372, 377 (1966). While noting that some jurisdictions limit recovery to situations where the vehicle is repairable, we concluded that there was "no valid reason for the distinction between repairable or irreparable damage which would justify loss of use for the former and not the latter." *Id.* at 432, 218 N.E.2d at 376. Although we held that damages could be recovered for total destruction of the commercial vehicle, we limited recovery to the reasonable time necessary to replace the property. Such factors include:

"the time required to determine that the property is unrepairable, the nature of the property, market availability of a replacement, the time required to locate a replacement, the availability and time required to obtain financing, the plaintiff's

efforts to locate and obtain a replacement, the plaintiff's efforts to locate and obtain financing, the defendant's good or bad faith efforts to settle or litigate, and the plaintiff's financial ability to obtain a replacement."

*Persinger v. Lucas,* 512 N.E.2d 865, 869 (Ind. Ct.App.1987). We find these factors to be equally relevant in determining the reasonable amount of time necessary to acquire new facilities for the reestablishment of a business.

■ There appears to be no case law in Indiana directly on point as to how lost profits are calculated where a building housing a business has been completely destroyed. However, we see no reason why the analysis should be any different where the interruption of a business is due to the destruction of a building as opposed to the destruction of a commercial vehicle. Therefore, we hold that where a building which houses an ongoing business is completely destroyed by another's negligence, the measurement of damages may include net lost profits as long as they are ascertainable with a relative degree of certainty and based upon proper evidence. *See Lloyds of London,* 454 N.E.2d at 83–84. Further, the total amount of lost profits is limited to the reasonable time necessary to reestablish the business. *See Persinger,* 512 N.E.2d at 868. Consequently, we reverse the trial court's order excluding damages for lost profits and remand with instructions to the trial court to recalculate damages to include an amount for net lost profits consistent with this opinion.

### II.

The Serletics also assert that they are entitled to recover equity, equity appreciation, and certain potential tax benefits arising from the business. However, they fail to cite to any authority or to appropriate portions of the record in support of their argument. *See* Ind. Appellate Rule 8.3(A)(7); *see also Laudig v. Marion County Bd. of Voters Registration,* 585 N.E.2d 700, 711 (Ind.Ct.App. 1992), *trans. denied.* As a result, they have waived our review of this issue.

For the foregoing reasons, we reverse and remand to the trial court with instructions to recalculate damages consistent with this opinion.

Reversed and remanded.

GARRARD and RUCKER, JJ., concur.