## BARBER *v*. STATE OF INDIANA.

[No. 24,875.   Filed December 15, 1925.]

1. **COURTS.**—*Circuit courts may adopt rules not repugnant to laws of state.*—Under §1386 Burns 1926, circuit courts may adopt rules for conducting the business therein not repugnant to the laws of the state.   p. 92.

2. **COURTS.**—*Circuit courts may adopt rules limiting time for filing motion for change of venue, subject to the exception that cause for change was not known in time to comply with rule.*— Circuit courts may adopt rules limiting the time within which a motion for a change of venue may be filed, subject to the exception that such a motion cannot be rejected when the reason for asking a change was not known in time to comply with the rule.   p. 92.

3. **CRIMINAL LAW.**—*Defendant alone determines whether he shall have a change of judge because of his bias and prejudice.* —Under §2235 Burns 1926, §2074 Burns 1914, the defendant alone determines whether he shall have a change of judge because "he believes he cannot have a fair trial owing to the bias and prejudice of the judge against him."   p. 92.

4. **CRIMINAL LAW.**—*Where proper affidavit for change of judge is filed, court cannot reject or overrule it because he concludes that it was filed for delay, or not filed within reasonable time after discovery of cause for change.*—Where proper affidavit for change of judge is filed which shows that it was not possible to comply with rule of court regulating the filing of such motions, the court is without authority to reject the motion or to overrule it because the judge concludes from facts known to him that it is filed for the purpose of delay, or was not filed within a reasonable time after the discovery of the cause for such change.   p. 92.

5. **CRIMINAL LAW.**—*Imperative duty of regular judge to grant change of judge where affidavit in statutory form shows sufficient reason for not presenting it within the time allowed by rule of court.*—Where an affidavit in the statutory form, showing under oath a sufficient reason for not presenting it within the time allowed by a rule of court, is presented to the regular judge before the beginning of the trial, asking for

a change of judge, it is the imperative duty of the court to grant it.   p. 92.

6.   COURTS.—*Court cannot require applicant for change of venue whose application was not made within time prescribed by court rule to set out in his affidavit facts showing that the application was made as soon as possible after discovery of cause for change.*—The power of a court to adopt rules limiting the time within which an application for a change of venue may be made does not extend to imposing on the applicant whose motion is not presented within the time prescribed by a court rule the obligation to set out in his affidavit, to the court's satisfaction, facts showing that the application was made as soon as reasonably possible after discovery of the cause for a change.   p. 94.

7.   CRIMINAL LAW.—*That affidavit for change of judge was not as clear and explicit as it might have been not sufficient to justify a denial of the change, especially where defendant was charged with capital offense.*—Though averment that affidavit for change of judge because of bias and prejudice was made and filed "at the earliest time possible after having learned of said bias and prejudice" was not as clear and explicit as it might have been, it was error to deny the change, especially where the defendant was charged with a capital offense. p. 94.

8.   CRIMINAL LAW.—*Written plea of insanity of defendant not required to be made at arraignment and cannot be denied because issues are closed under rule of court or otherwise.*—A written plea of insanity, as authorized by §2331 Burns 1926, §2070 Burns 1914, is not required to be made at the time of the arraignment, as is an oral plea of guilty or not guilty, and the right to file such plea cannot be cut off by the court declaring the issues closed, whether pursuant to a rule of court or otherwise.   p. 94.

9.   CRIMINAL LAW.—*Court erred in rejecting special written plea of insanity offered on morning of trial by counsel for eighteen-year-old defendant whose only connection with the crime was established by his own inconsistent confessions, all of which were denied on the trial.*—Regardless of whether a trial court had discretion to reject a special plea of insanity presented on the morning of the day fixed for the trial, it was error to reject such a plea offered by counsel for an eighteen-year-old defendant accused of a capital offense, who was not identified by any of the three eyewitnesses of the crime, and whose connection with it was only established by his own confessions, which were inconsistent with each other, all of which he denied at the time of the trial.   p. 94.

From Clay Circuit Court; *Thomas W. Hutchinson,* Judge.

Edward Barber was convicted of murder in an attempt to perpetrate a robbery, and he appeals. *Reversed.*

*Henry W. Moore, James P. Stunkard, Victor O'Donnell* and *Felix Blankenbaker,* for appellant.

*Arthur L. Gilliom,* Attorney-General, *Edward J. Lennon, Jr.,* Deputy Attorney-General, and *U. S. Lesh,* for the State.

PER CURIAM.—The appellant, jointly with Joe Parker, was charged by indictment with the murder of Steven Kendall in an attempt to perpetrate a robbery. He was tried separately by a jury, was found guilty, and sentenced to death. Refusing to permit him to file a special plea of insanity and overruling his motion for a new trial are assigned as errors.

The sufficiency of the indictment as against an objection that it does not state facts sufficient was upheld in *Parker* v. *State* (1925), 196 Ind. 534, 149 N. E. 59. On the authority of that case, the contention of appellant that the verdict was contrary to law because the indictment failed to charge the offense of murder in the first degree committed in the perpetration of a robbery is overruled.

On defendant's application, the venue was changed from Vigo to Clay county, where the transcript was filed on April 16, 1924, and the record recites that on said day, the defendant, in person, appeared in open court, and in reply to questions as to whether or not he wished counsel assigned to defend him, stated that he was being defended by certain attorneys of Terre Haute; that he was thereupon arraigned and entered a plea of not guilty, whereupon the cause was set for trial ten days later; that on proper motion, a continu-

ance was granted for the purpose of taking depositions, and that the cause was reset for trial on May 5, 1924. But, on April 26, 1924, being the date on which it was originally set for trial, the court made an entry that "Come the parties by counsel and this cause is declared at issue," no other proceedings in the cause at that time being recorded. And the record further recites that on the morning of May 5, 1924, the defendant being present in person and by his counsel, the regular panel of the jury for the May term was placed in the box, pursuant to the order and direction of court, by way of preparing to begin the trial, whereupon defendant moved for the publication of certain depositions and they were ordered published. And that thereupon the defendant presented and filed his motion for a change of venue from the judge, in the customary statutory form, with the additional averment that the defendant "makes and files this verified motion, at the earliest time possible, after his having learned of said bias and prejudice of said judge against him." This motion was sworn to under that date before the clerk of the court. The record then recites as follows: "And the court having heard and inspected the evidence presented for and against said motion, and being sufficiently advised in the premises, finds that said motion is presented for the sole purpose of delaying the trial of said cause, and not in the interest of justice and a fair trial; that the motion and affidavit as presented is a violation of Rule 32 of the Clay Circuit Court of Indiana, in that it does not contain any facts whatever showing that the cause for the change of venue was not discovered until after the day fixed by the Rule for the filing of an application for such a change; that the court finds, from an inspection of the affidavit itself and other evidence presented, that the motion and affidavit for a change of venue was prepared sometime in advance of the day

on which the cause was set for trial, and that it was not filed as soon as was reasonable after the discovery of the cause, if any, for a change of venue, and was withheld from record for the purpose of making it impossible to secure a special judge in time to proceed with the trial at the time heretofore fixed by the court for the same to commence.  \*  \*  \*   The motion and affidavit is therefore overruled, to which ruling the defendant took an exception at the time."

As set out in several bills of exceptions, Rule 32 of the Clay Circuit Court reads as follows: "32.—In addition to all other requirements, all applications for change of venue from the judge or county must be filed so that at least five full days will intervene between the day the application is filed and the day on which the cause is set for trial, except where the cause for the change is not discovered until after the day fixed by the rule for the filing of the application, when the motion must be made as soon as is reasonably possible after such discovery, and the facts showing the same must be set out in the affidavit in support of the application, to the satisfaction of the court."

Circuit courts may adopt rules for conducting the business therein not repugnant to the laws of the state. §1386 Burns 1926, §1443 Burns 1914, §1423 R. 1-5. S. 1881. *Magnuson* v. *Billings* (1899), 152 Ind. 177, 180, 62 N. E. 446. And their power to limit the time within which a motion for a change of judge may be presented is subject only to the exception that such a motion cannot be rejected for that cause when the reason for asking a change was not known in time to comply with the rule. *Spencer* v. *Spencer* (1894), 136 Ind. 414, 36 N. E. 210. But to the defendant alone, and not to the judge, is committed the determination of the question whether or not he shall have a change of venue because "he believes that he cannot have a fair

trial, owing to the bias and prejudice of the judge against him." (§2235 Burns 1926, §2074 Burns 1914, §203, ch. 169, Acts 1905 p. 584.) And where a proper affidavit is filed that also states facts which, if true, show that it was not possible to comply with a rule of court regulating the filing of such motions, the court is without authority to reject the motion, or to overrule it because the judge concludes from facts known to him that it "is presented for the sole purpose of delaying the trial of said cause," or that it "was prepared in advance of the day on which the cause was set for trial," or that the sworn statement in support of the motion is untrue, and that it "was not filed as soon as was reasonable after the discovery of the cause, if any, for a change of venue." If the legislature had intended to leave to the trial judge, accused by the defendant of having such bias and prejudice against him that defendant could not have a fair trial, the authority to determine whether or not that was really the reason for which a change of venue was asked, the statute probably would not provide, as it does, that in case a defendant shall show by affidavit that he "believes" he cannot have a fair trial, owing to the bias and prejudice of the judge against him, such change shall be granted. It has long been the settled law of this state that where an affidavit in the statutory form, showing under oath a sufficient reason for not presenting it within the time allowed by a rule of court, is presented to the trial court before the beginning of the trial, asking for a change of venue from the judge, it is the imperative duty of the court to grant it. *Ogle* v. *Edwards, Admr.* (1893), 133 Ind. 358, 360, 33 N. E. 95; *Munce* v. *State* (1918), 187 Ind. 263, 118 N. E. 953.

Neither does the power to adopt rules extend to imposing on an applicant for a change of venue whose motion is not presented within the time fixed by a rule

of court, the obligation to set out in his affidavit, 6, 7. to the satisfaction of the court, facts showing that the motion has been made as soon as reasonably possible after discovery of the cause for asking such change, in addition to averring that it is made "at the earliest time possible" after learning of the bias and prejudice of the judge. This is not unlike the attempt to require applicants to show by their affidavits that diligence was used to discover the causes relied on which they make oath they did not discover in time to comply with the rule. And it has been decided more than once that a trial court cannot impose that burden as a condition of granting a change of venue. *Ogle* v. *Edwards, Admr., supra; Wilson* v. *Johnson* (1894), 145 Ind. 40, 42, 38 N. E. 38. The averment in the affidavit under consideration that the defendant makes and files it "at the earliest time possible, after his having learned of said bias and prejudice" is not as clear and explicit as it might be. But the meaning is unmistakable; and in a capital case, where the defendant is on trial for his life, we do not think that rules of grammar and rhetoric should be permitted to override his statutory right to avoid being put upon trial before a judge that he has come to "believe" has a bias and prejudice against him, if he files his motion at the earliest time possible after having learned of such bias and prejudice. It was error to overrule the motion for a change of judge.

After the motion for a change of venue from the judge had been overruled, counsel for defendant tendered to the court and asked permission to file 8, 9. a plea of insanity alleging that he "was a person of unsound mind at the time of the act and crime stated in the indictment." But the record recites that "the court, having heard and inspected the evidence for and against such request, and being sufficiently advised in the premises. finds that Rule 29 of the Clay Circuit

Court, which is now in force, reads as follows:  '29.—
After the issues in a cause have been declared closed the
same may not be reopened except for good cause shown
by affidavit or by agreement of the parties.'   That after
due notice to all the parties herein, the court ordered
the issues closed on April 26th, 1924, and that the filing
of such plea at this time would be a violation of said
Rule 29.  *  *  *  The court therefore denies the de-
fendant the right to file such plea, and rejects the same,
to which ruling an exception was taken by the defend-
ant at the time."   The rule of court thus referred to is
also set out two or three times in bills of exceptions,
and we shall assume that the record shows it to have
been in force, although merely reciting it in the order-
book entry upon overruling this motion would not suffi-
ciently establish that fact on appeal.   The statute pro-
vides that, upon being arraigned by reading the indict-
ment to him, the defendant "shall then be required to
plead immediately thereto, either in abatement or in
bar; but the court, for cause shown, may grant him
further time to plead."   §2232 Burns 1926, §2068 Burns
1914, §197, ch. 169, Acts 1905 p. 584.   Also that he
may plead the general issue orally, under which he may
present any matter of defense except insanity, but that
he may plead specially any matter of defense.   §2230
Burns 1926, §2069 Burns 1914, §198, ch. 169, Acts 1905
p. 584.   And that when it is desired to plead on behalf
of a defendant that he was of unsound mind at the
time the offense was committed, "he himself, or his
counsel must set up such defense specially in writing."
§2231 Burns 1926, §2070 Burns 1914, §1, ch. 298, Acts
1913 p. 774.   These statutes give the defendant, or his
attorneys, authority to file a plea in writing that has
no direct relation to the oral plea of guilty or not guilty
which is required to be made at the time of arraign-
ment, where the court does not grant further time in

which to plead. And we find no authority of law for the judge to cut off the right to enter a plea of insanity by an order of court that "this cause is declared at issue," whether pursuant to a rule of court or otherwise. The authority which is given to counsel representing the accused to set up the defense of insanity, as contrasted with the right to do so given to "him, himself," indicates a legislative purpose to provide for something more than a plea entered at the time of arraignment, or entered before a time when the trial judge shall declare the issues closed. Even if it be assumed that a discretion as to accepting or rejecting a special plea of insanity presented on the morning of the day fixed for the trial of the cause is vested in the trial court, (a matter concerning which we express no opinion), that discretion did not extend to rejecting such a plea offered by the attorneys for an eighteen-year-old boy accused of a capital offense who was not identified by either of the three eyewitnesses of the crime, and whose connection with it was only established by his own admissions contained in statements made by him at different times which were inconsistent with each other, and the truth of all of which he denied at the time of the trial. Evidence of his mental condition might be even more important in determining whether or not his admissions of guilt were to be accepted and believed than they were in deciding whether or not he was of unsound mind to such an extent that he was not answerable for the crime in case he committed it. The court erred in rejecting the offered plea of insanity.

Other questions discussed by counsel may not arise when the cause is again tried.

The judgment is reversed, with directions to sustain the motion for a new trial and to permit defendant and his attorneys to file a plea in writing setting up the defense of insanity.

The clerk of this court will issue the proper order for the return of the prisoner to the custody of the sheriff of Clay county.