STATE OF INDIANA v. GEORGE L. BRIDENHAGER ET AL.

[No. 871S222. Filed February 23, 1972. Supplement to order of December 16, 1971 filed December 23, 1971.]

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General for appellant.

*George W. Barger, James A. Emmert,* of Shelbyville, *Patrick N. Ryan, Ryan & Welchons,* of Marion, *Arch N. Bobbitt,* of Indianapolis, for appellees.

PRENTICE, J.—This matter is before us on Defendant's (Appellant's) petition for rehearing timely filed January 3, 1972, and addressed to our order of December 16, 1971, dismissing the defendant's attempted appeal and our supplemental opinion thereon of December 23, 1971, found in 276 N. E. 2d 843.

Inter alia, Defendant's petition and brief direct our attention to that portion of our opinion wherein we announced that §§ 49-1937 and 49-1938 of 1964 Repl. Burns Ind. Stat. Ann. were expressly repealed by 1968 Repl. Burns § 2-4718 and superseded by Rules of Procedure adopted by this Court on July 29, 1969 (effective January 1, 1970). We can understand the State's concern and confusion doubtlessly occasioned by our opinion upon this issue, and in all candor must acknowledge our error in citing Burns § 2-4718. The reference should have been to Acts 1969, ch. 191, §§ 2 and 3, I.C. 34-5-1-2 and 34-5-1-3. Further, in reviewing these statutes, in response to Defendant's petition, we note a specific repeal of Acts of 1965, ch. 347s-4 (Burns 4-1304). This statute related to the terms of the Hancock Superior Court and had been superseded by Acts of 1967, ch. 141, §§ 4-6310 thru 4-6314. Repeal of it, therefore, appears ludicrous, and it was not embraced within the title of the 1969 Act, which is: "An Act to Adopt the Indiana Rules of Civil Procedure." We concluded, too hastily, and perhaps erroneously, that there had been an accidental transposition of figures, and that "Ch. 374" was intended rather than "Ch. 347." Our conviction was strengthened, if nevertheless erroneous, by the realization that Ch. 374 was clearly an act repealed by the new code, if not by specific numerical reference therein, then by being in conflict therewith. Section 3 of Acts 1969, ch. 191, I.C. 34-5-1-3 provides

"All laws and parts of laws in conflict herewith are repealed * * *."

Rule 1 under § 1 of said Acts (I.C. 34-5-1-1) provides for the scope of the rules, as follows:

"Except as provided in Rule 81, these rules govern the procedure and practice in all courts of the state of Indiana *in all suits of a civil nature* whether cognizable as cases at law, in equity, or of statutory origin. *They shall be construed to secure the just, speedy and inexpensive determination of every action.*"

Rule 81 makes no specific or inferential exception with regard to the special provision of Burns § 49-1937 granting the privileges of special notice and extension of time for the Attorney General. On the other hand, it specifically recognizes that the repeal of rules of procedure adopted by statutory enactment and in effect on the effective date of the new rules may be effected by implication from the new rules. Subsection (f) of said Rule 81 is as follows:

> "Statutes on procedure and practice not superseded. All rules of procedure and practice applicable to trial courts and courts on appeal adopted by statutory enactment and in effect on the date these rules become effective, shall continue in full force and effect, except as otherwise provided by these rules by express provision or by implication from these rules."

Referring to the comments of the Civil Code Study Commission, which first drafted the new rules and recommended their enactment by the Legislature and adoption by this Court, we find the following with reference to Rule 81 (f):

> "This provision is a substantial restatement of former Indiana Supreme Court Rule 1-1. However, it recognizes that existing rules of procedure and practice not expressly superseded may be superseded by implied repeal, as in the case of statutory repeals by implication."

Former Rule 1-1 referred to above merely provided:

> "* * * All other rules * * * adopted by statutory enactment * * * shall continue in full force and effect, *except as otherwise provided by the rules of this court.*" (Emphasis ours)

The addition of the specific provision for repeal by implication makes it clear that the new rules, as adopted by legislative enactment, were paramount to any pre-existing conflicting rules so adopted.

Section 2 of Chapter 191, I.C. 34-5-1-2, recognizes the inherent power of this Court to adopt, amend and rescind rules

of court affecting matters of procedure; and to give viability to the new rules, until then but conceptual, this Court made some changes and modifications and breathed life into them.

It was altogether proper that the Legislature should play the role that it did in the development and adoption of the new procedural rules, both as a matter of illustrating a degree of cooperation that should be practiced between the independent branches of our government and to remove any doubt that may otherwise have existed with respect to the sanctity of such rules. It has been declared by both the Legislature and this Court that the procedural rules of the judiciary, as promulgated from time to time by this Court, are independent of legislative sanction. If judicial procedure has been or shall be at some future time, provided by legislative enactment in areas where this Court has theretofore failed to speak, such statute will be regarded as the rule, until such time as we may elect to alter or abrogate it by rule. Otherwise, there may exist a denial of a substantive right for want of an appropriate procedure. But, it is to be clearly understood by the bench and bar that our rules of procedure have been adopted for the expressed purpose of securing the *just, speedy and inexpensive determination of every action.* (Trial Rule 1.) This entails simplifying and clarifying procedure whenever and wherever practicable, which in turn requires that the rules be utilized without resort to rules of procedure that may be conflicting or merely overlapping. These rules represent

"* * * the first major procedural reform in nearly one hundred years, and * * * will bring Indiana even with and in many areas ahead of the finest systems of procedure in the nation." (Professor R. Bruce Townsend, Reporter, Civil Code Study Commission, forward to Indiana Rules of Civil Procedure, proposed final draft, August 6, 1968.)

Unquestionable the transition will be fraught with frustrations, but we will not retrogress into that hodegpodge of dual authority from which we have so recently emerged.

Although, as previously stated, our rules of procedure are independent of legislative sanction, it is, nevertheless, appropriate to note that Rule 72 (D) was taken intact from the legislative version. It controls our decision here and is as follows:

"Immediately upon the entry of a ruling upon a motion, an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. *Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules;* * * * *Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in the Appellate Rules.* * * *." (Emphasis ours)

To be "in conflict" with our rules and thus repealed by Acts 1969, ch. 191, § 3, I.C. 34-5-1-3, and abrogated by our promulgation of the rules, it is not necessary that the statutory rule be in direct opposition to our rule, so that but one could stand per se. It is only required that they be incompatible to the extent that both could not apply in a given situation. Thus a procedural rule enacted by statute may not operate as an exception to one of our rules having general application. If such an exception is to be made, it lies within our exclusive province to make it. It follows that the Acts of 1965, ch. 374, § 1, 1971 Supp. Burns Ind. Stat. Ann. § 49-1937, I.C. 4-6-4-1, to the extent that it would make an exception to the general application of Rule 72 (D), has been abrogated by the rule and that the provision for special notice to the Attorney General and a stay until such notice is received became inoperative. On April 13, 1971, we reinstated the provision for special notice to the Attorney General by amendment to Rule 17.1. However, the stay provisions were not so reinstated and still remain inoperative.

The other contentions of Defendant's petition for rehearing

were considered upon our first review and thought to be without merit. We decline to reconsider them.

Except as corrected herein, the December 23, 1971, Supplement to our order of December 16, 1971, remains unchanged. The appeal stands dismissed.

Givan, J., concurs; Arterburn, C.J. and DeBruler and Hunter, JJ., not participating.

NOTE.—Reported in 279 N. E. 2d 794.