JAMES O. FIELDS ET AL. *v.* MUNCIE COMMUNITY SCHOOLS.

[No. 372A118. Filed September 29, 1972.]

*Merrill L. Smith* and *Gregory B. Smith,* of Muncie, *Richard D. Hughes,* of Muncie, for appellants.

*White, Haymond, Pierce, Beasley and Gilkison,* of Muncie, for appellee.

SULLIVAN, J.—On July 20, 1971, Muncie Community Schools filed its Complaint for Appropriation of Real Estate against defendants Fields, fee simple owners, and the Merchants National Bank of Muncie as mortgagee of such real estate. Service of notice was had on defendants Fields on July 21, 1971, giving them until August 5, 1971, a period of fourteen days, to show cause why the property should not be appropriated. On July 23, 1971, Fields' filed a motion to dismiss alleging in substance that TR. 6(C) permitting filing of a responsive pleading within 20 days was applicable and had been violated. The motion to dismiss was overruled July 26, 1971.

On July 28, 1971 defendants filed their objections to the plaintiff's Complaint for Appropriation of Real Estate alleging, in addition to an assertion that the court lacked jurisdiction by reason of the failure to permit defendants 20 days within which to plead; that the taking of defendants' real estate was not necessary. On August 19, 1971, following hearing thereon, the trial court overruled defendants' objections, condemned the real estate in question and appointed three appraisers.

It is appellants' contention here that the condemnation order of August 19 is erroneous for the reason that the court did not permit defendants a full 20 days following service of plaintiff's appropriation complaint, within which to file their response, thereby ignoring the binding applicability of TR. 6(C).

Appellants rely upon *State v. Bridenhager* (1972), 257 Ind. 699, 279 N. E. 2d 794 and *Jensen v. Indiana & Michigan Electric Company* (1972), 257 Ind. 599, 277 N. E. 2d 589 in support of their position. We need not here determine the applicability of those cases with respect to the appeal before us for even if it be held that defendants were entitled to the

20 days provided by TR. 6 (C), the trial court's failure to grant defendants such time did not operate to their prejudice.

Appellants did, in fact, file their objections to the appropriation complaint without seeking an enlargement of time. Those objections were, upon their merits, fully heard, considered, and ruled upon by the court. Appellants have had their day in court. They were afforded the total and unhampered opportunity to fully present their objections and they did so. No prejudice to appellants exist therefor by reason of the trial court's failure to apply TR. 6 (C).

Judgment affirmed.

White, J., concurs; Buchanan, P.J., concurs in result.

NOTE.—Reported in 287 N. E. 2d 364.