STATE OF INDIANA EX REL. KNOX *v.* SHELBY SUPERIOR COURT.

[No. 1072S131. Filed December 14, 1972.]

*Lineback & Lewis,* of Greenfield, for relator.

*George R. Tolen,* pro se, of Shelbyville, for respondents.

GIVAN, J.—The relator filed his verified petition for writ of prohibition and mandate against the respondents asking this Court to mandate the respondents to grant the relator's motion for change of venue from the judge and to prohibit the respondents from proceeding further or exercising any jurisdiction in cause number SCR 72-116 in the respondent court.

On the 3rd day of October, 1972, this Court issued an alternative writ of mandate and prohibition as prayed by the relator.

On the 20th day of October, 1972, the respondents by The Honorable George R. Tolen, pro se filed return to the temporary writ.

The record in this case reveals the following facts:

The relator, Theodore Knox, is defendant in a criminal action brought by the State of Indiana in the respondent court and designated SCR 72-116.

On September 27, 1972, relator filed in the office of the clerk of respondent court a motion for change of judge pursuant to IND. RULES OF PROC. Rule CR. 12, which motion was denied by the respondent court.

The respondents raise three arguments as to why the temporary writ should not be made permanent: 1) that Rule CR. 12 unconstitutionally delays trials; 2) that Rule CR. 12 unconstitutionally disenfranchises the voters of Shelby County; 3) that Rule CR. 12 by its operation, systematically denies equal protection guaranteed by the Fourteenth Amendment to the Constitution of the United States.

The contested part of Rule CR. 12 reads as follows:

"In all cases where the venue of a criminal action may now be changed from the judge, such change shall be granted upon the execution and filing of an unverified application therefor by the state of Indiana or by the defendant."

Under the first point the respondents argue that Rule CR. 12 violates the state's right to a speedy trial as guaranteed by the Sixth Amendment to the Constitution of the United States and Article 1, Section 12 of the Constitution of Indiana.

The Sixth Amendment to the Constitution of the United States reads as follows:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been

committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

As expressed in the above language, the Sixth Amendment specifically applies to the rights of the accused.

Article 1, Section 12 of the Constitution of Indiana reads as follows:

"All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily and without delay."

Although respondents cite no case nor do we find any cases specifically stating that the above language in the Indiana Constitution applies to the State as well as the accused, the general nature of the language leads to the inescapable conclusion that the State as well as the defendant is entitled to a speedy trial without delay. However, Article 1, Section 13 of the Constitution of Indiana as well as the Sixth Amendment to the Constitution of the United States, *supra*, makes it mandatory that the accused have a fair trial. In the enforcement of constitutional rights as guaranteed by both Constitutions the courts are faced with making a decision as to priorities. While both the accused and the State are entitled to a speedy trial, that provision can only be dealt with after all procedural steps have been taken to guarantee a fair trial to both the accused and to the State. In order to aid in acquiring a fair trial, the State of Indiana has seen fit to grant the State and the accused the right to a change of judge. Obviously this right to a fair trial both to the State and to the accused cannot be forfeited or jeopardized merely for the sake of obtaining a speedy trial. Therefore, in giving maximum meaning to both provisions of the Constitution, the courts of this state

must first allow all reasonable steps permitted to secure a fair trial. When those steps have been accomplished, it is then incumbent upon the courts to enforce the speedy trial provision both as to the accused and as to the State.

We, therefore, hold that Rule CR. 12 is calculated to promote a fair trial, and that the delays caused thereby do not violate the rights of the parties to a speedy trial.

As to respondents' second point, that Rule CR. 12 disenfranchises the voters of Shelby County, it is argued that the respondent judge was elected by the voters of Shelby County to discharge the duties of the respondent court, and that to permit one of the parties to remove such an elected judge does in effect disenfranchise those voters. In support of this proposition the respondents cite *Ex Parte N. K. Fairbank Co.* (1912), 194 F. 978. In that case the trial court was concerned with a statute passed by the legislative branch of government which it held impinged upon the proper function of the judicial branch of the government. However, in the *Fairbank* case at page 996 the court observed that the judge has no right to preside in a particular case nor does the litigant have any right to have a particular judge try his case. There is no question but what the great weight of authority in the United States follows the *Fairbank* case in holding a statutory rule which permits a peremptory change of judge constitutes a legislative invasion of the prerogative of the judiciary. However, in the case at bar we are not dealing with a statutory provision. Rule CR. 12 which is challenged by the respondents is a rule adopted by this Court with the view in mind that all parties involved in litigation might have the maximum opportunity in avoiding trial in a biased or prejudiced atmosphere.

We, therefore, hold that Rule CR. 12 is a court made rule calculated to implement the Constitution and, therefore, does not fall in the category of a statute which would invade the province of the judiciary.

We also hold that this Rule does not disenfranchise the voters of Shelby County any more than any other provision for a change of judge or change of venue whether peremptorily or for cause shown.

Lastly, respondents claim that Rule CR. 12 systematically denies equal protection guaranteed under the Fourteenth Amendment to the Constitution of the United States. To support this allegation the respondents quote statistics which tend to show that defendants who are represented by pauper counsel invoke the rule less frequently than those represented by paid counsel. The statistics quoted are somewhat fragmentary and from respondents' jurisdiction only. We have nothing before us to substantiate such an allegation as being factual in its operation throughout the state. However, assuming for the sake of argument that such is the fact throughout the State of Indiana, it can hardly be argued that the rule is thus unconstitutional. Such a fact, if established, might only demonstrate that counsel appointed by the courts for indigent defendants were not fully discharging their duties to their clients. The same argument might be made against any rule or statute calculated to aid in the defense of an accused. The mere fact that one attorney would be more diligent than another attorney in protecting his client's rights certainly cannot mean that the implementing statute or rule used by such diligent attorney would automatically become unconstitutional because a less diligent attorney failed to utilize it.

We therefore, hold that the existence of Rule CR. 12 is not a violation of the Fourteenth Amendment to the Constitution of the United States.

The Court would further observe that respondents have made a very scholarly and persuasive argument for the discontinuance of Rule CR. 12. At this time there is pending in this state a proposed new Code of Criminal Procedure, which in its present form, if adopted, would exclude the

peremptory change of judge provision found in Rule CR. 12. The Court at this time is in the process of receiving arguments on both sides of this question and certainly the observations and statistical data submitted by respondents in this cause will not go unheeded in arriving at the ultimate conclusion of this particular problem. However, it is the holding of this Court that Rule CR. 12 is not in violation of either the Constitution of the United States or the Constitution of Indiana. Therefore, the alternative temporary writ of prohibition and mandate hertofore issued in this cause is now made permanent.

Arterburn, C.J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 290 N. E. 2d 57.