TOMMIE LEE NEELEY *v.* STATE OF INDIANA.

[No. 3-772A36. Filed January 2, 1974.]

*Anthony V. Luber,* South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Lynda F. Huppert,* Deputy Attorney General, for appellee.

DEBRULER, J.—Appellant has filed a petition to transfer from a decision from the Third District Court of Appeals found at 297 N. E. 2d 847. In its opinion the Third District affirmed appellant's conviction for the offense of committing bodily injury upon a police officer (IC 1971, 35-21-4-2, being Burns § 10-1005a) after concluding that the evidence presented at trial was sufficient as a matter of law to support such conviction and that IC 1971, 35-1-49-1, being Burns § 9-2407, does not require a trial judge in a criminal proceeding to make special findings and conclusions pursuant to TR. 52(a).

We agree with the decision the Court of Appeals reached on both of these issues and we have therefore decided to deny the petition to transfer. However, we feel constraind to point out that we do not agree with footnote # 5 of that opinion which states that:

"The most recent session of the Indiana General Assembly has, however, passed proposed criminal procedure provisions which have neither attempted nor suggested incorporation of Rule TR. 52a. See I.C. 1971, 35-4.1-2-2, as added by Acts

1973, PL. 325, § 4. Pursuant to I.C. 1971, 34-5-2-1, Ind. Stat. Anno. 2-4718, these rules will not become effective in the trial courts of Indiana until approved by the Supreme Court of Indiana."

This footnote apparently suggests that IC 1971, 34-5-2-1, being Burns § 2-4718, requires us to approve the criminal procedure rules enacted by the Legislature in 1973, before they become effective. That statute reads in part:

"All statutes relating to practice and procedure in any of the courts of this State shall have, and remain in, force and effect only as herein provided. The Supreme Court shall have the power to adopt, amend and rescind rules of court which shall govern and control practice and procedure in all of the courts in this State; such rules to be promulgated and to take effect under such rules as the Supreme Court shall adopt and thereafter all laws in conflict therewith shall be of no further force or effect." Burns § 2-4718, *supra*.

In contrast to the Court of Appeals' interpretation in footnote #5 both this statute and our cases indicate that the legislatively enacted rules of criminal procedure are and will remain in full force and effect unless this Court promulgates rules designed to supercede them, or unless an incompatibility is found to exist between any newly enacted procedural statute and a specific existing rule of this Court. In the event of such incompatibility the Rules of the Court will prevail. *State* v. *Bridenhager* (1972), 257 Ind. 699, 279 N. E. 2d 794. Action by this Court is not a condition precedent to these statutes becoming effective.

It is unusual that we would write an opinion in a case where we are denying a petition to transfer but we feel that in certain cases it is incumbent upon us to do so in order to avoid unnecessary confusion. *Hardin* v. *State* (1973), 260 Ind. 501, 296 N. E. 2d 784; *Peters* v. *Poor Sisters of St. Francis* (1971), 257 Ind. 360, 274 N. E. 2d 530. In all other respects we believe the Third District correctly and adequately decided the issues placed before it and we therefore deny appellant's petition to transfer.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 305 N. E. 2d 434.