STATE OF INDIANA ON THE RELATION OF PHILLIP K. BENJAMIN *v.* CRIMINAL COURT OF MARION COUNTY, DIVISION NO. III, THE HONORABLE ANDREW JACOBS, SR., JUDGE. STATE OF INDIANA ON THE RELATION OF DONZELLA JILL GREEN *v.* CRIMINAL COURT OF MARION COUNTY, DIVISION NO. III, THE HONORABLE ANDREW JACOBS, SR., JUDGE.

[Nos. 276S40; 276S41. Filed February 11, 1976.]

*Mark W. Shaw,* of Indianapolis, for relator Benjamin, *Robert W. Hammerle,* of Indianapolis, for relator Green.

*James F. Kelley,* Prosecuting Attorney of Marion County, *Virginia Dill McCarty,* Deputy Prosecuting Attorney, for respondent.

GIVAN, C.J.—Each of the petitioners in these causes has asked this Court to issue a writ of mandate against the respondent court and judge directing the issuance of an order reversing the denial of relators' motions for change of judge and asking that said judge be directed and compelled to name a panel of competent judges as provided by law. The cases are consolidated by the Court for the purpose of this opinion.

We grant the petition for the writ in each case.

The petitioner Phillip K. Benjamin is charged with a felony in the respondent court under cause number CR 75-472C. He filed his timely motion for change of judge under Ind. R. Crim. P. 12 of the Indiana Rules of Criminal Procedure, which motion was denied by the respondent court.

The petitioner Donzella Jill Green is charged with a felony in the respondent court under cause number CR 75-421C. She also filed a timely motion for change of judge under Ind. R. Crim. P. 12, which motion was denied by the respondent court.

The pertinent parts of Ind. R. Crim. P. 12 read as follows:

> "In all cases where the venue of a criminal action may now be changed from the judge, such change shall be granted upon the execution and filing of an unverified application therefor by the state of Indiana or by the defendant.
>
> *       *       *
>
> "An application for a change of judge or change of venue from the county shall be filed within ten [10] days after a plea of not guilty, or if a date less than ten [10] days from the date of said plea, the case is set for trial, the application shall be filed within five [5] days after setting the case for trial. . . ."

The two cases before us differ in one respect. In the Benjamin case, he filed his motion for change of judge under

the rule as a matter of law without reciting any bias or prejudice on the part of the trial judge; whereas in the Green case, she filed her motion for change of judge alleging bias and prejudice and, in fact, a hearing was had in that regard resulting in a determination against the relator Green.

We will answer the questions presented by the Benjamin petition first.

Prior to the adoption of Rule 1-12C in 1963 (now Ind. R. Crim. P. 12), a motion for change of judge was governed by statute, which may be found in IC 35-1-25-1 (Burns 1975). That statute reads as follows:

> "The defendant may show to the court, by affidavit, that he believes he cannot receive a fair trial, owing to the bias and prejudice of the judge against him, or the excitement or prejudice against the defendant in the county or in some part thereof, and demand to be tried by disinterested triers. Any affidavit for change of judge shall be filed at least ten [10] days before the day set for trial or if a date less than ten [10] days ahead is set for trial then such affidavit shall be filed within two [2] days after the setting of the case for trial."

This statute was interpreted to give the defendant a right to change of judge upon his sworn statement that the judge was biased and prejudiced against him.

In the case of *Barber* v. *State,* (1925) 197 Ind. 88, 149 N.E. 896, this Court reviewed the statute and stated that it was the legislative intent that a person making a sworn statement that he could not have a fair trial due to bias and prejudice of the judge was entitled to such change as a matter of right and that this was not a matter to be questioned by the trial judge against whom the bias and prejudice was alleged. The Court then stated:

> "If the legislature had intended to leave to the trial judge, accused by the defendant of having such bias and prejudice against him that defendant could not have a fair trial, the authority to determine whether or not that was really the reason for which a change of venue was asked, the statute probably would not provide, as it does, that in case a defendant shall show by affidavit that he 'believes'

he cannot have a fair trial, owing to the bias and prejudice of the judge against him, such change shall be granted. . . ." 197 Ind. at 93.

The only change effected by the adoption of Ind. R. Crim. P. 12 was that it was no longer necessary for the defendant to state under oath that there was bias and prejudice against him. Neither the legislature nor the courts have ever required or permitted an evidentiary hearing to be conducted by the judge to determine whether or not the allegations of prejudice were in fact true.

This same rule was thoroughly discussed by the Court in *State ex rel. Knox* v. *Shelby Sup. Ct.*, (1972) 259 Ind. 554, 290 N.E.2d 57, 34 Ind. Dec. 246. In that opinion this Court held the rule was promulgated for the purpose of guaranteeing a fair trial both to the defendant and to the State in criminal matters.

In oral presentation to this Court, the respondent conceded the existence of the rule since 1963 and the fact that even under the prior statute no evidentiary hearing concerning bias and prejudice was anticipated before the trial judge. The respondent then proceeded to argue, quite persuasively, that the rule should be changed. In making his presentation he pointed out numerous incidents in his court of what he deemed to be abuses of the rule, stating that in nearly 50% of the cases disposed of in his court within the past year he had granted a change of judge pursuant to the rule.

The Supreme Court, in discharging its duties in adjudicating any particular case, must determine the rights of the parties as they appear under the existing statutes, rules and case law of this State. Even if we were to concede that a particular law or rule were unwise or being subject to abusive use, it is our duty to follow that law or rule (unless, of course, it be unconstitutional). If a change be needed, such should be accomplished either by legislation or rule change by this Court, as the case might be. Such a

change, however, must operate prospectively and not retro-actively.

We, therefore, hold the present rule to permit the relator Benjamin to file the motion which he has filed in the respondent court. Under the rule, the respondent was required to grant the change of judge under the circumstances.

In the Green case, the relator did in fact recite that bias and prejudice existed against her. However, as set out above, she should not have been required to enter into an evidentiary hearing before the judge in question for a determination as to the truth of that bias and prejudice. This would be true whether we were operating under Ind. R. Crim. P. 12 or whether we were operating under the statute, IC 35-1-25-1. The respondent judge, however, did proceed to hear evidence on her petition, and after hearing said evidence, found that bias and prejudice did not exist. He, therefore, denied the petition for change of judge.

Under the authorities above cited, we hold that the respondent court committed error in this regard and that the petition for change of judge, having been filed under the rule, should have been granted.

The respondent judge asks us to re-examine Ind. R. Crim. P. 12 and to decide whether or not it should be continued as it is now written. This matter has been referred to the rules committee of this Court where it will be thoroughly studied and reconsidered.

In writing this opinion we are not unmindful of the conscientious efforts made by the respondent judge to handle an exceedingly heavy case load. He has, in fact, accomplished the laudable feat of trying 127 jury trials in the past year; a feat almost unheard of in a court exercising felony jurisdiction. The respondent judge has established himself as a valuable member of the bench of Marion County. We are also aware of the fact the respondent judge has made public statements that if the writs prayed for are granted in these

cases he will resign his position as judge of Marion County Criminal Court, Room No. 3. These statements are unfortunate and unjudicial under the circumstances. We attribute them to the pressures of an extremely difficult job. We trust that he will reassess his position at a time of less emotional stress. We are also aware of his realization that such statements do not bear upon the merits of our decision and cannot be permitted to influence it. Prior to assuming the bench Judge Jacobs was a well-known, competent trial lawyer in Marion County, well acquainted with the rules of procedure, including Ind. R. Crim. P. 12. It was with full knowledge of the existence of that rule and all its ramifications that he accepted a position as a trial judge in criminal court. If this rule, in fact, is working a hardship on the trial judges of Indiana, it does not single out Judge Jacobs. It acts with equal impact upon every judge exercising like jurisdiction. It is not the intention of the legislature or of this Court to deliberately stymie the proper operations of the trial courts of this State. Changes, if they are to be made, must be made after careful study and evaluation of the various factors involved and must not be made under emotionally charged pressures which may or may not accurately reflect the true situation.

This Court, therefore, after having examined the petition of the relator Phillip K. Benjamin and the petition of the relator Donzella Jill Green, now finds that each of said petitions for mandate be granted.

IT IS, THEREFORE, ORDERED by this Court that the respondent judge and court grant the petitions of each of the above relators for a change of judge.

Arterburn, DeBruler and Prentice, JJ., concur; Hunter, J., concurs in result with opinion.

## CONCURRING OPINION

HUNTER, J.—Each member of our Court is bound by our rules as they presently exist, and this is the only reason I

concur in result in these cases. I agree with the majority that a public threat to resign if our rule is not changed is injudicious and provides no basis for changing our rules. Nevertheless, these rules as presently drawn are anachronistic and unique to Indiana. Their daily abuse is the most serious impediment to the administration of justice in Indiana today. Accordingly, I urge our Advisory Committee on the Rules to give careful and objective thought to their amendment.

In changes of venue *from the county,* a verified application must be filed and, except in cases punishable by death, *may* be granted by the court. Ind. R. Crim. P. 12 states:

> "* * * Upon the filing of a properly verified application, a change of venue from the county *shall* be granted in all cases punishable by death and *may be granted in all other cases when in the court's discretion* cause for such change is shown to exist after such hearing or upon such other proof as the court may require. * * *" [Emphasis added.]

Under the case law interpreting this rule, the state has a right to file counter affidavits, and a hearing is then held on the motion for change from the county. In other words, the duty is upon the defendant to prove his reasons for asking that the venue of a criminal case be changed from the county of origin.

I believe that any motion for a change of venue *from the judge* by reason of his bias and prejudice should be either under oath or supported by affidavit and should require a hearing on said allegations before a neutral member of the judiciary. This practice would be in accordance with the federal procedure under 28 U.S.C. § 144 which provides:

> "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> "The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may

file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

There is no logical reason to make any distinction in the procedural aspects of our change of venue rules.

NOTE.—Reported at 341 N.E.2d 495.