STATE OF INDIANA ON THE RELATION OF DUANE W. DEDELOW *v.* THE LAKE COUNTY COURT AND THE HONORABLE ORVAL W. ANDERSON, AS JUDGE OF SAID COURT

[No. 678S123. Filed December 8, 1978.]

*Robert G. Berger*, of Hammond, for relator.

*Orval W. Anderson*, of Crown Point, for respondents.

PIVARNIK, J. — This is an original action wherein relator State of Indiana prayed that a temporary writ of prohibition and an alternate writ of mandate be issued against respondent court and judge. We granted this temporary writ, commanding respondent Judge Anderson to grant a change of venue from the judge in this cause, to name a panel consisting of only judges of the county or superior courts, and to expunge an order and a bench warrant from the records of this cause. *State ex rel. Dedelow v. Lake County Court*, No. 678S123 (June 28, 1978). We also ordered respondent to show cause why the temporary writ of prohibition should not be made permanent, and why the alternative writ of mandate should not be made absolute. Respondent claims that he has now complied with this writ; relator claims that he has not.

The question herein presented is whether respondent judge must name only judges on the panel, or whether he may name attorneys as well.

After our writs of June 28 were issued, respondent Judge Anderson granted a Motion for Change of Venue from the Judge. He named a panel

from which the parties were to strike, consisting of James Clements, a regular judge of the Superior Court of Lake County, and Owen Crumpacker and George Krstovich, two practicing attorneys in Lake County who are not judges of any court in Lake County. Under the provisions of Ind. R. Crim. P. 12, a timely motion for change of venue from the judge must be granted, *State ex rel. Benjamin v. Criminal Court of Marion County Division 3,* (1976) 264 Ind. 191, 341 N.E.2d 495, and there is no question concerning this basic rule in this case. Rather, it is the contention of respondent that he has complied with the law and that all issues are moot, since he is authorized under Ind. R. Tr. P. 79(11) to name sitting judges or members of the bar as special judge in the County Court of Lake County. Relator's position, on the other hand, is that under Ind. Code § 33-10.5-2-4.5 (Burns Supp. 1978) that Judge Anderson was obliged to name only sitting judges of the other county courts or Superior Courts of Lake County.

In 1975, the Indiana Legislature passed a series of acts creating the county courts, replacing all justices of the peace, municipal, city and town courts. The jurisdiction of these courts includes traffic violations and all small claims. Ind. Code § 33-10.5-2-4.5 (Burns Supp. 1978), provides as follows:

*"Court administration in certain counties.* — (a) In any county with a population of more than five hundred thousand [500,000] but less than seven hundred thousand [700,000] having a unified superior court, the chief judge of the unified superior court is responsible for the operation and conduct of all divisions of the county court and of all justice of the peace courts still operating and shall exercise all powers conferred by IC 33-5-29.5 [33-5-29.51 — 33-5-29.5-70] in discharging such responsibilities.

(b)    The chief judge of the unified superior court may permit cases originating with one [1] county judge to be heard by another county judge. The chief judge may permit cases originating in one [1] justice of the peace court to be heard in another justice of the peace court. *Notwithstanding IC 33-10.5-7-3, no person other than a judge of the county or superior courts may serve as a special judge if requested from a county court.* No compensation, other than regular salary, shall be paid to such special judge.

(c)    The court administrator of the unified superior court shall

perform duties for the county court and for the justice of the peace courts as directed by the chief judge of the unified superior court." (emphasis added)

Ind. Code § 33-10.5-7-3 (Burns Supp. 1978), referred to in the above section, provides that there will be no right to a change of venue from the county in county courts, but that a change of venue from the judge shall be granted as provided by statute in Rules of the Supreme Court of Indiana. Lake County is a county with a population of more than 500,000 but less than 700,000, and does have a unified Superior Court administered by a Chief Judge. It is clear that the Legislature intended that the county courts of Lake County become a part of the unified system of courts. Among other things, the statute directs that when a change of venue from the judge is granted, only regular judges of the county or superior courts in this unified system shall be named to serve as a special judge.

Although the Supreme Court of Indiana does have authority under its rule making power to change procedures in the trial courts such as this one, the question is whether that intention was demonstrated by the Supreme Court in its enactment of Ind. R. Tr. P. 79(11), which became effective January 1, 1977. This rule provides:

"Any regular judge of a circuit, superior, criminal, probate or juvenile court and any member of the bar in this state shall be eligible for appointment in any of such courts as a special judge in any case pending in which he has not sat as judge or been named on a previous panel, unless he is disqualified by interest or relationship or is then serving as a bailiff, reporter, probate commissioner, referee or other such appointed official of the court in which the case is pending. In courts other than those named, a special judge shall be selected from judges of courts having the same or similar jurisdiction or from members of the bar."

When trial rule 79 was amended effective January 1, 1977, section 11 was changed in no way except to be re-numbered from the former trial rule 79, in which it appeared as section 4. As relator points out, rule 79(4) was exactly the same as the former Supreme Court Rule 1-12(4). Even before the Supreme Court rules were adopted in 1946, it would

appear that the procedure for the appointment of a special judge was very similar. *See Kennedy v. State,* (1876) 53 Ind. 542. It is clear that the provisions of the trial rule are general provisions for the whole state. General statutes or rules do not overrule or supercede specific provisions in statutes or rules unless it is clear there was an intent to do so. Since rule 79(11) did not change the procedures continued from the previous rules and extant in all courts of the State of Indiana, it cannot be said that rule 79(11) intended to repeal the enactment of the legislature addressed to county courts in multi-judge court systems. The statute is not in conflict with the trial rule. The trial rule provides that either judges or attorneys are qualified persons to be appointed to a special judge panel. The statute requires that in county courts of the multi-judge court system, only sitting judges will be named and not trial attorneys. The statute does not make new or different qualifications for special judges, but selects and limits from those qualified by the general Supreme Court Rule.

The temporary writ is made permanent, and the alternative writ is made absolute.

Givan, C.J., Hunter, J. concur.

DeBruler, J. dissents with opinion in which Prentice, J., concurs.

### DISSENTING OPINION

DEBRULER, J. — As can be seen from the statute quoted in the majority opinion, "no person other than a judge of the county or superior courts may serve as a special judge if requested from a county court." Ind. R.Tr. P. 79(11) provides that a special judge in a county court "shall be selected from judges of courts having the same or similar jurisdiction or from members of the bar." The statute excludes lawyers; the rule sanctions sitting judges from other counties. There is therefore an incompatibility between the Rules of the Court and the procedural statute, and in such instances it is the rule of Court which will prevail. *Neeley v. State,* (1974) 261 Ind. 434, 305 N.E.2d 434; *State v. Bridenhager,* (1972) 257 Ind. 699, 279 N.E.2d 794. I am certainly willing to consider amending our rule to conform to the legislative proscriptions in the statute,

but until such an amendment is made, I would not require respondent to limit his panels as required by the statute.

Prentice, J., concurs.

NOTE—Reported at 383 N.E.2d 284.