STATE of Indiana, Plaintiff-Appellant,

v.

Norval PICKETT, Jr., Milton Burns,
Charles Reberger,
Defendants-Appellees.

No. 1–780A187.

Court of Appeals of Indiana,
First District.

July 30, 1981.

Linley E. Pearson, Atty. Gen., Elmer Lloyd Whitmer, Charles D. Rodgers, Deputy Attys. Gen., Indianapolis, for plaintiff-appellant.

George N. Craig, Craig & Craig, Brazil, Hansford C. Mann, Mann, Chaney, Johnson, Hicks & Goodwin, Terre Haute, for defendants-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant State of Indiana brings this appeal from the Clay Circuit Court's dismissal of two counts of an information charging defendants-appellees Norval Pickett, Jr., Milton Burns, and Charles Reberger with malconduct, misfeasance, and official misconduct as members of the

Board of Public Works and Safety of the City of Brazil, Indiana. We affirm.

## STATEMENT OF THE FACTS

On October 2, 1979, an information was filed in the Clay Circuit Court charging the defendants, in pertinent part, as follows:

### "County [sic] Four

"Hoyt M. Drake, being duly sworn upon his oath says that Norval Pickett, Jr., Milton Burns and Charles Reberger, defendants and as officers and members of the Board of Public Works and Safety (I.C. 18–2–1–6) of the city of Brazil in said county on the 20th day of October 1977 at Clay County in the State of Indiana approved payment of funds of said city in the sewage department account to one William C. Brown, then the city attorney of said city, for legal fees, in addition to the annual salary of said city attorney as provided in the annual budget for said city for 1977, which acts were without authority under Indiana law (I.C. 18–1–6–13, I.C. 18–2–1–10) and being done knowingly and intentionally was malconduct, misfeasance and official misconduct. Contrary to the form of the statutes in such cases and provided (I.C. 18–1–20–4 and I.C. 35–44–1–2) and against the peace and dignity of the State of Indiana.

### "Count Five

"Hoyt M. Drake, being duly sworn upon his oath says that Norval Pickett, Jr., Milton Burns and Charles Reberger, defendants and as officers and members of the Board of Public Works and Safety (I.C. 18–2–1–6) of the city of Brazil of Public Works and Safety (I.C. 18–2–1–6) of the city of Brazil [sic] in said county on the 26th day of October, 1977 at Clay County in the State of Indiana approved payment of funds of said city in the sewage department account to one William G. Brown, then the city attorney of said city, for legal fees, in addition to the annual salary of said city attorney as provided in the annual budget for said city for 1977, which acts were without authority under Indiana law (I.C. 18–1–6–13, I.C. 18–2–1–10) and being done knowingly and intentionally was malconduct, misfeasance and official misconduct. Contrary to the form of the statutes in such cases and provided (I.C. 18–1–20–4 and I.C. 35–44–1–2) and against the peace and dignity of the State of Indiana."

The defendants moved to dismiss the information. The trial court granted the motion as to Counts Four and Five, and on February 29, 1980, the court entered the following finding in support of its ruling:

"3. With respect to Counts IV and V it is alleged that the defendants approved the payment of certain funds and that the mere approval of the payment of such funds as alleged does not constitute a criminal offense of the laws of this State, and that, therefore, the State has failed to allege a criminal offense in Counts IV and V."

The state filed a motion to correct errors which the trial court overruled on April 24, 1980.

## ■ STATEMENT OF THE ISSUE[1]

The state presents for our review the question of whether the trial court erred in

---

1. The defendants moved to dismiss this appeal for mootness, and this court overruled the motion. The gist of their argument is that the unlawful allowance, by an officer or board of a city, of a claim against the city is expressly proscribed in Ind.Code 18–1–20–1 (repealed effective September 1, 1981). That section originally provided for a fine of not less than $50 and removal from office. A 1978 amendment of IC 18–1–20–1 left only removal from office as a penalty for violation of that section. The defendants maintain that the 1978 amendment was ameliorative and that the lessened penalty is applicable to their case. They conclude that, because they are no longer officers or members of the Board of Public Works and Safety, they cannot be removed from office and that the state's appeal is thus moot.

It is clear to this court, however, that the state intended to charge the defendants under Ind.Code 18–1–20–4 (repealed effective September 1, 1981) (malconduct and misfeasance) and Ind.Code 35–44–1–2 (official misconduct), rather than IC 18–1–20–1. Accordingly, the defendants' arguments on the question of mootness are unpersuasive.

dismissing Counts Four and Five on the ground that those counts failed to state facts sufficient to constitute the crimes of malconduct, misfeasance, and official misconduct.

## DISCUSSION AND DECISION

The state contends that Ind.Code 18–2–1–10 (repealed effective September 1, 1981) provides for the setting of salaries of city officials in the annual budget of the city and specifies that those salaries shall not be increased during the fiscal year. The state asserts that Ind.Code 18–1–6–13 (repealed effective September 1, 1981) provides that the salary of the city attorney shall be in full for all his services. Thus, the state argues that any additional payment of money to the city attorney is unlawful. The state maintains that Counts Four and Five specifically inform the defendants of the charges against them when the language of those counts is construed in light of its common acceptance and understanding and that the dismissal was, therefore, erroneous.

It is true that IC 18–1–6–13 says that "[t]he salary hereby provided for the city attorney shall be in full for all his services." This section also provides that the mayor shall appoint the city attorney, and it established the minimum salary and the maximum salary for the city attorney of cities of the various classes which may be set by ordinance. This provision was originally enacted as Acts 1905, ch. 129, § 90.

However, Ind.Code 18–2–1–9 (repealed effective September 1, 1981), which was originally enacted as Acts 1933, ch. 233, § 10, states, in relevant part, as follows:

"18–2–1–9 Compensation of elective and appointive officials; repeal of certain laws; additional prohibitions

"Sec. 9. *The provisions of any law now in effect in so far only as said provisions fix or purport to fix the salaries of any* elective or *appointive officer* and/or employee of any civil city of this state and the provisions of any laws now in effect in so far only as they fix or purport to fix the salary of any member of any board, commission, department or institution maintained or operated by any civil city, *are hereby repealed* upon the taking effect of this act, except all laws affecting cities of the second class owning and operating two (2) municipal utilities, which shall remain in full force and effect. . . . *The salaries of each and all of such appointive officers*, employees, deputies, assistants and departmental and institutional heads, other than those fixed by the common council under provisions of this act, *shall be fixed by the mayor subject to the approval of the common council*, which may reduce but in no event shall raise the salary so fixed." (Our emphasis.)

Thus it appears that IC 18–1–6–13 has been repealed to the extent that it fixed the salaries of city attorneys. Accordingly, the statement in IC 18–1–6–13 that "[t]he salary hereby provided for the city attorney shall be in full for all his services" would also be repealed, because the limit on compensation of city attorneys was directly tied to the salary limits fixed in that section. Admittedly, IC 18–2–1–9 purports to establish the method of fixing the salaries of appointive officers generally, whereas IC 18–1–6–13 applies only to county attorneys. It has been said that general statutes do not supersede specific provisions in statutes unless that was clearly the intended effect. *State ex rel. Dedelow v. Lake County Court*, (1978) Ind., 383 N.E.2d 284; *County Council of Bartholomew County v. Department of Public Welfare of Bartholomew County*, (1980) Ind.App., 400 N.E.2d 1187. However, the legislature in IC 18–2–1–9 clearly indicated its intention that "[t]he provisions of *any* law now in effect in so far only as said provisions fix or purport to fix the salaries of any elective or appointive officer" be repealed and that "[t]he salaries of each and *all* of such appointive officers . . . be fixed by the mayor subject to the approval of the common council . . . ." (Our emphasis.) We hold that IC 18–2–1–9 repeals and supersedes IC 18–1–6–13 insofar as the latter provision fixed the salaries of city attorneys.

The General Assembly in Acts 1959, ch. 107, § 6, added § 20a to Acts 1933, ch. 233. The current version of § 20a is found at Ind.Code 18–2–1–10. Subsection (b) of that provision now reads as follows:

"18–2–1–10 Compensation of elective and appointive officials; fixing salaries

"....

"(b) The salaries of each and every appointive officer, employee, deputy, assistant and departmental and institutional head shall be fixed by the mayor subject to the approval of the common council: Provided, That the provisions of this subsection shall not apply to the manner of fixing and the amount of compensation paid by any city to the members of the police and fire departments. The common council may reduce but in no event is the common council authorized to increase any salary so fixed by the mayor. *All such salaries* shall be fixed on or before the first day of August of each year for the next succeeding fiscal year, and *shall not be increased during the fiscal year*, but may be reduced by the mayor. Wherein the provisions of this subsection are in conflict with the provisions of IC 1971, 18–2–1–9, these provisions shall be deemed to amend the provisions of IC 1971, 18–2–1–9." (Our emphasis.)

In § 8 of Acts 1959, ch. 107, *supra*, the General Assembly amended Acts 1933, ch. 233, § 21, as previously amended, to establish the provision now known as Ind.Code 18–2–1–12 (repealed effective September 1, 1981), which states:

"18–2–1–12 Compensation of elected and appointed officials; additional compen-

sation in connection with operation of municipally owned utility

"Sec. 12. *The officials of any city, both elected and appointed*, and the employees of any city, who perform services for the city, other than governmental, which services are connected with the operation of any municipally owned utility or function, *may, within the discretion of the mayor and subject to the approval of the common council, receive additional compensation for the performance of such services*: Provided, That the amount of such additional compensation shall be determined and fixed by the administrative authority in control of the operation of such utility or function, subject to the approval of the mayor and the common council: Provided further, That any additional compensation so authorized shall be paid from the revenue derived from the operation of such utility or function." (Our emphasis.)

Thus, in the same act in which the legislature prohibited the increasing of *salaries* of appointive officials during the fiscal year, it also provided for the payment of *additional compensation* for nongovernmental services rendered by appointive officials in connection with a municipally owned utility.

Counts Four and Five of the information state that the defendants approved payment of funds from the sewage department account to the city attorney "for legal fees, *in addition to the annual salary* of said city attorney ...."[2] Those counts do not state that the city attorney's *salary was increased* during the fiscal year, so as to allege an act in violation of IC 18–2–1–10. They do not cite IC 18–2–1–12 or suggest that the de-

2. The supreme court in *Seiler v. State ex rel. Board of Commissioners*, (1903) 160 Ind. 605, 618–19, 65 N.E. 922, pondered the meaning of "fees" and similar terms and stated, in part, as follows:

"In *Cowdin v. Huff*, 10 Ind. 83, the salary of a judge of the common pleas court was involved. This court in that appeal, in determining the meaning and import of terms 'salary,' 'fees,' 'per diem allowance,' 'wages,' etc., said: 'There are now, and were, at the adoption of our Constitution, at least three modes in use of compensating persons en-

gaged in public service, viz., fees, salaries, and wages. These modes are all different, each from the other; and the difference between them has been immemorially well understood. Fees are compensations for particular acts or services; as the fees of clerks, sheriffs, lawyers, physicians, etc. Wages are the compensation paid, or to be paid, for services by the day, week, etc., as of laborers, commissioners, etc. Salaries are the per annum compensation to men in official and some other situations.'"

fendants, as members of the Board of Public Works and Safety, somehow approved the payment of additional compensation for governmental services or for services not connected with a municipally owned utility, improperly fixed the amount of additional compensation, or authorized payment from funds other than the revenue of the sewage department. Instead, it is readily apparent that the state intended to charge that the defendants violated IC 18–1–6–13 and IC 18–2–1–10 by approving payment of compensation to the city attorney in addition to his annual salary without authority of law. As we have indicated, IC 18–1–6–13 no longer controls city attorneys' salaries, and IC 18–2–1–10 deals with the fixing of city attorneys' salaries. Indiana Code 18–2–1–10 does not prohibit the payment of additional compensation other than an increase in salary, and IC 18–2–1–12 expressly authorizes such additional compensation under certain circumstances.

As the state asserts, "[a]n information need only state the crime charged in the language of the statute or in words with similar meaning." *Carson v. State*, (1979) Ind., 391 N.E.2d 600, 602. However, the information must, in fact, *state* the crime which it was intended to charge and not some other act which is not prohibited by the statutory provision underlying the charge. *See* Ind.Code 35–3.1–1–2(a)(4) and (d) (Supp.1980).

Because the state based its charges of malconduct and misfeasance, Ind.Code 18–1–20–4 (repealed effective April 1, 1980), and official misconduct, Ind.Code 35–44–1–2 (Supp.1979), upon the defendants' alleged violations of IC 18–1–6–13 and IC 18–2–1–10, we conclude that the trial court properly dismissed Counts Four and Five of the information on the ground that the facts alleged do not constitute a criminal offense. Ind.Code 35–3.1–1–4(a)(9) (Supp. 1980).

Judgment affirmed.

ROBERTSON, J., and YOUNG, P. J. (by designation), concur.